FILED - USDC -NH
2022 APR 8 PM3:54

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal Case No. 1:21-CR-00114-PB |
| ) | |
| JENNIFER BOSWORTH,   ) | |
| Defendant      ) | |
| _____) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John J. Farley, United States Attorney for the District of New Hampshire, and the defendant, Jennifer Bosworth, and the defendant's attorney, Ron Abramson, Esquire, enter into the following Plea Agreement:

1.   The Plea and The Offense.

The defendant agrees to plead guilty to count one of the Indictment dated July 12, 2021, charging her with possession with intent to distribute a controlled substance, namely, 40 grams and more of fentanyl and 28 grams and more of cocaine base, both Schedule II controlled substances, in violation of 21 U.S.C. 841(a)(1) & 841(b)(1)(B)(iii) and (vi).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2.   The Statute and Elements of the Offense.

Title 21, United States Code, Section 841(a)(1) provides, in pertinent part, that it is

- 1 -

"unlawful for any person knowingly or intentionally . . . possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

<u>First</u>, that the defendant, on or about the date specified in the Indictment, possessed the quantity of the controlled substance alleged in the Indictment;

<u>Second</u>, that she did so with a specific intent to distribute the controlled substance over which she had actual or constructive possession; and

<u>Third</u>, that she did so knowingly and intentionally.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2019 Revisions,* Instruction 4.21.841(A)(1)(A), updated Feb. 1, 2019, available at http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

On April 1, 2021, surveillance was conducted of a car driven by the defendant, Jennifer Bosworth ("Bosworth"). Bosworth left her residence, picked up an associate, and traveled first to an ATM machine in Lawrence, Massachusetts, where Bosworth was observed making multiple ATM transactions and then to a street in Lawrence known to law enforcement to be an area where narcotics are sold. Bosworth's car pulled over to the side of the roadway there, and

a person walked up to the vehicle but did not get inside. Bosworth's car then exited the area and headed in the direction of Keene.

Keene police officers conducted a motor vehicle stop of Bosworth's car once she was back in Keene, and Bosworth was arrested for violating her probation by leaving New Hampshire without authorization. After Bosworth was removed from the car, a Keene police officer observed a large baggie of a white hard substance consistent with crack cocaine located on the driver's seat, where Bosworth had been sitting. State lab reports later confirmed this substance to be 15.16 g of crack cocaine.

On April 2, 2021, a search warrant for Bosworth's car was authorized and the search was executed, revealing: 8 individually wrapped baggies of a light brown semi-hard substance which state drug lab results confirmed to be 80.7 g of a mixture containing fentanyl; a blue container containing three pieces of what state lab results confirmed to be cocaine base totaling 82.61 grams; small plastic baggies containing a small amount of what state lab results confirmed to be cocaine base; three plastic baggies containing what state lab results confirmed to be 10.57 grams of cocaine; multiple small vials in Bosworth's purse containing small amounts of cocaine base and fentanyl; an Arizona Tea "hide" can containing $1,220 in cash; and five ATM receipts with Bosworth's name on them showing withdrawals of $1,000, two withdrawals of $900, $500 and $200.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense charged in Count One are:

A.   A minimum prison term of 5 years, and a maximum prison term of 40 years

        (841(b)(1)(B));

  B.     A maximum fine of $5,000,000 (21 U.S.C. § 841(b)(1)(B));

  C.     A term of supervised release of at least 4 years (21 U.S.C. § 841(b)(1)(B)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release.

The defendant also understands that there is a mandatory special assessment of $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)). In addition to the other penalties provided by law, the Court may order her to pay restitution to any victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

  5.    <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that she has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or her sentence is other than she anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

  A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

  B.     Respond to questions from the Court;

  C.     Correct any inaccuracies in the pre-sentence report;

    D.    Respond to any statements made by her or her counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that she may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

    (a)    60 months is an appropriate disposition in this case.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw her guilty pleas.

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.    <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

- A. Fails to admit a complete factual basis for the plea at the time she is sentenced or at any other time;

- B. Challenges the United States' offer of proof at any time after the plea is entered;

- C. Denies involvement in the offense;

- D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

- E. Fails to give complete and accurate information about her financial status to the Probation Office;

- F. Obstructs or attempts to obstruct justice, prior to sentencing;

- G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

- H. Fails to appear in court as required;

- I. After signing this Plea Agreement, engages in additional criminal conduct; or

- J. Attempts to withdraw her guilty plea.

The defendant understands and agrees that she may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that she receive a

reduction in her sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that she has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and she has assisted the United States in the investigation or prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her. The defendant also understands that she has the right:

    A.    To plead not guilty or to maintain that plea if it has already been made;

    B.    To be tried by a jury and, at that trial, to the assistance of counsel;

    C.    To confront and cross-examine witnesses;

    D.    Not to be compelled to provide testimony that may incriminate her; and

    E.    To compulsory process for the attendance of witnesses to testify in her defense.

The defendant understands and agrees that by pleading guilty she waives and gives up the foregoing rights and that upon the Court's acceptance of her guilty plea, she will not be

entitled to a trial.

The defendant understands that if she pleads guilty, the Court may ask her questions about the offense, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers will be used against her in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that she:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because she is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which she is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from her undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to her about any civil or administrative consequences that may result from her guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached

without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.  Forfeiture

The defendant agrees to immediately and voluntarily forfeit to the United States her interest, if any, in any and all property subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of her guilty plea, including, but not limited to: Approximately $6,430.00 in U.S. Currency, more or less, seized on April 7, 2021 ("Forfeitable Property").

The defendant further agrees:

A.  Not to contest any administrative or civil judicial forfeiture proceedings commenced against the Forfeitable Property.   Defendant shall withdraw any and all claims and/or petitions for remission for all or part of the Forfeitable Property filed on behalf of herself or any other individual or entity, and further agrees to waive any right she may have to seek remission or mitigation of the forfeiture of the Forfeitable Property;

B.  That none of the forfeitures set forth in this section shall be deemed to satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon the defendant, nor shall the forfeitures be used to offset the defendant's tax liability or any other debt owed by the defendant to the United States;

C.  To waive all constitutional, statutory, and any other challenges in any manner, including, without limitation, by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including the following: (A) the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the U.S.

Constitution; (B) the Court's failure to comply with any and all requirements of Fed. R. Crim. P. 11(b)(1)(J) at the change of plea hearing; and, (C) failure to comply with any and all requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case;

   D. To waive and release any and all claims she may have to any property seized by the United States, or any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, whether forfeited or not; and

   E. To hold the United States, its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

  The defendant acknowledges that the properties to be forfeited under this section are subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the illegal conduct.

  12. <u>Collateral Consequences</u>.

  The defendant understands that as a consequence of her guilty plea she will be

adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible. The defendant also understands that if she is a naturalized citizen, her guilty plea may result in ending her naturalization, which would likely subject her to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

13. <u>Satisfaction of Federal Criminal Liability; Breach.</u>

The defendant's guilty plea, if accepted by the Court, will satisfy her federal criminal liability in the District of New Hampshire arising from her participation in the conduct that forms the basis of the indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, she fails specifically to perform or fulfill completely each one of her obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, she will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that she may not use her breach of this Agreement as a reason to withdraw her guilty plea or as a basis to be released from her guilty plea.

14. <u>Waivers</u>.

A. <u>Appeal</u>.

The defendant understands that she has the right to challenge her guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives her right to challenge on direct appeal:

1. Her guilty plea and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in

Section 6 of this agreement.

The defendant's waiver of her rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that she may have the right to challenge her guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives her right to collaterally challenge:

1. Her guilty plea, except as provided below, and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with the stipulations specified in Section 6 of this agreement.

The defendant's waiver of her right to collateral review does not operate to waive a collateral challenge to her guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of her right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

### C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

### D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

### 15. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

### 16. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

### 17. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN J. FARLEY
United States Attorney

Date: April 7, 2022

By: _____ for
Aaron Gingrande
Assistant United States Attorney
Bar Registration No. #5505912 (NY)
53 Pleasant St., 4th Floor
Concord, NH 03301
Aaron.Gingrande@usdoj.gov

The defendant, Jennifer Bosworth, certifies that she has read this 14-page Plea Agreement and that she fully understands and accepts its terms.

Date: 4/5/22

Jennifer Bosworth, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and she has advised me that she understands and accepts its terms.

Date: 4/5/2022

Ron Abramson, Esquire
Attorney for Jennifer Bosworth

- 15 -